IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA BROWNE ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | |
| TRANS UNION, LLC ) | |
| and ) | |
| GE CONSUMER RETAIL BANK, ) | |
| d/b/a MODERN BUILDERS SUPPLY/GECRB ) | |
| ) | |
| Defendants. ) | |

### I.   Preliminary Statement

1.   This is an action for damages brought by an individual consumer, Jessica Browne, against Trans Union, LLC, for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

### II.   Jurisdiction and Venue

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.   Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.   Parties

4.   Plaintiff Jessica Browne is an adult individual and citizen of the State of Pennsylvania who resides at 120 Ripka Street, Apt. 2, Philadelphia, PA 19127.

5.   Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant GE Consumer Retail Bank, d/b/a Modern Builders Supply/GECRB (hereafter "GECRB") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 3135 Easton Turnpike, Fairhill, CT 06828.

### IV. Factual Allegations

7   Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least June 2011 through the present.

8. The inaccurate information includes, but is not limited to, Modern Builders Supply/GECRB, DSNB Macys, GECRB/JCP, State Colls, and personal identifying information.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff. Due to Defendant TU's faulty procedures, Defendant TU mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least June 2011 through the present.

11. Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Defendant TU's established procedures for disputing consumer credit information.

12. Plaintiff has disputed the inaccurate information with Defendant TU from June 2011 through the present.

13. Notwithstanding Plaintiff's efforts, Defendant TU has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant TU has repeatedly published and disseminated consumer reports to such third parties from at least June 2011 through the present.

14. Despite Plaintiff's efforts, Defendant TU has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

15. Notwithstanding Plaintiff's disputes, GECRB has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

16. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to

all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff..

17. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

18. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least June 2011 through the present.

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## Count One – Violations of the FCRA
### (Plaintiff v. TU)

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, TU was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TU is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681(i).

26. The conduct of TU was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – GECRB
## VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto GECRB was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. GECRB violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

5

30. GECRB's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result GECRB is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## Jury Trial Demand

31. Plaintiff demands trial by jury on all issues so triable.

## Prayer for Relief

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

                              Respectfully submitted,

                              **FRANCIS & MAILMAN, P.C.**

BY:     *Mark D. Mailman, Esquire*
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GEOFFREY H. BASKERVILLE, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

Dated: May 23, 2013                Attorneys for Plaintiff